■ TECHNICAL TAPE, INC., et al., Appellants, v SPRAY-TUCK, INC., et al., Respondents.—Order, Supreme Court, New York County (Andrew Tyler, J.), entered May 19, 1988, which denied plaintiffs-appellants' motions to strike scandalous and prejudicial matter and for summary judgment, unanimously modified, on the law, the motion for summary judgment granted, and otherwise affirmed, without costs. The appeal from the order of said court entered on or about May 13, 1988 is dismissed as subsumed under the appeal from the order entered May 19, 1988, without costs.

Appellants commenced this action by service of a verified complaint after this court denied their motion for summary judgment in lieu of a complaint pursuant to CPLR 3213, on the ground that the instrument sued upon was not one for the payment of money only *(Technical Tape v Spray Tuck,* 131 AD2d 404 [1st Dept 1987]). This litigation arises out of an agreement between the parties dated January 22, 1982, for the sale of all right, title and interest in and to appellants' business, including goodwill, to respondents. A promissory note in the amount of $636,072.40 was executed by respondents contemporaneously with the agreement of sale.

The note states that the obligations thereunder represented "the amount of the Purchase Price" as defined in the agreement of sale. That agreement, however, allowed the buyer 45 days to examine the sellers' records and to file a demand for arbitration "with respect to any objection, and readjustment" of the purchase price. Objections not raised within this period, which ended March 8, 1982, were waived. The note required respondents to pay interest annually on the anniversary date of the agreement's execution, for four years, with payment of the entire principal balance due with the fourth and final

payment. Respondents made interest payments for the first three years but defaulted on the final payment of interest and principal.

After respondents answered, appellants moved to strike paragraph 90 of their pleading on the ground that it contained scandalous allegations that the purchase price had been inflated because appellants' president had become jealous of the relationship between respondent Gerald Sprayregen, the sole shareholder of the corporate respondents and guarantor of the debt to appellants, and one of appellants' female employees. Before the motion was decided, appellants moved for summary judgment and the two motions were consolidated. Appellants argued that this court's denial of their summary proceeding under CPLR 3213 was not controlling because it had been limited to the threshold issue of whether the promissory note was an instrument for the payment of money only. Supreme Court, however, did not agree, and summary judgment was denied.

Appellants' motion for summary judgment should have been granted. The prior ruling of this court was, as appellants maintained, directed solely to the threshold issue of whether appellants could avail themselves of the summary proceedings under CPLR 3213. It did not preclude them from seeking summary judgment in a plenary action pursuant to CPLR 3212. The fact that appellants mislabeled their motion as one pursuant to CPLR 3213 is of no moment. Errors of this type are to be disregarded (CPLR 2001).

Under the plain terms of the agreement, respondents were required to submit any objection they had to the computation of the purchase price to arbitration within 45 days after the date of the agreement and objections "not so raised are waived." They did not do so because, they now maintain, they were denied access to appellants' books. However, respondents have submitted no evidence substantiating their claim that they were denied access to the necessary financial data. As respondents did not file a demand for arbitration within the 45-day period, they are deemed to have waived their right to contest the purchase price. We have reviewed the other arguments raised and find them to be without merit.

Settle order. Concur—Ross, J. P., Asch, Rosenberger, Ellerin and Wallach, JJ.