■ JOHN A. HERON et al., Appellants, v DIVISION OF TAXA-

TION OF THE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK, Respondent. [619 NYS2d 454] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In January 1985 defendant served plaintiffs with notices of determination and demand holding them personally liable for taxes, penalties and interest incurred by Heron Automotive Service, Inc. Defendant filed collection warrants against plaintiffs in January and April 1985. Plaintiffs challenged the determinations by commencing this action in April 1993 seeking a declaration that the collection warrants were null and void and other incidental relief. Defendant moved to dismiss the complaint as barred by the Statute of Limitations and plaintiffs purported to cross-move for summary judgment although issue had not been joined. Supreme Court dismissed the action without prejudice to recommencing it in the Court of Claims.

Supreme Court has jurisdiction over a declaratory judgment action concerning the authority of defendant in these circumstances (see, Laks v Division of Taxation of Dept. of Taxation & Fin., 183 AD2d 316), and thus the court erred in dismissing the action on that ground. The court should have dismissed the action with prejudice as time-barred. The appropriate Statute of Limitations in an action seeking declaratory relief is determined by the substance of the action and the relief sought (Solnick v Whalen, 49 NY2d 224, 229-230). If the issues could have been raised and the relief sought could have been obtained in an action or proceeding with a specified limitations period, that period applies to the declaratory judgment action (Solnick v Whalen, supra, at 229-230). Because plaintiffs could have brought a CPLR article 78 proceeding to obtain the relief requested in this declaratory judgment action, their action, brought more than four months after the issuance of the notices and warrants they seek to nullify, is time-barred (see, CPLR 217 [1]; 7803 [2]; Inserillo v State Tax Commn., 159 AD2d 488, appeal dismissed 76 NY2d 772, lv denied 76 NY2d 709). We modify the judgment appealed from by providing that the dismissal of the action is with prejudice. (Appeal from Judgment of Supreme Court, Erie County, Kane, J.—Dismiss Action.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.