[672 NYS2d 587]

BENNETT ROAD SEWER COMPANY, INC., Respondent, v TOWN BOARD OF TOWN OF CAMILLUS et al., Appellants.

Fourth Department, April 29, 1998

**APPEARANCES OF COUNSEL**

*Dirk J. Oudemool,* Syracuse, for appellant.

*Hiscock & Barclay,* Syracuse (*Catherine Johnson* and *Clifford Wilson* of counsel), for respondent.

**OPINION OF THE COURT**

BOEHM, J.

Plaintiff is a "sewage-works corporation", so designated and organized pursuant to article 10 of the Transportation Corporations Law. This action stems from a long-standing dispute over the sewer rates recoverable by plaintiff for the use of its sewer facilities located in Camillus. On June 3, 1968, defendant Town of Camillus (Town) and Fabo S. Casale entered into an agreement providing for the formation of plaintiff corporation, which would construct, service and operate a sewer system in a

defined area of the Town (franchise area). Plaintiff would be paid maintenance charges and transportation fees to be collected by the Town, a tap-in fee of $360 for each unit connected to the corporation's sewer lines, and an annual charge (sewer rate) of $75 per unit per year for a period of 30 years from the completion of the system. In accordance with the agreement, Casale incorporated plaintiff and completed a comprehensive plan for the installation of a sewer system within the franchise area. On October 16, 1968, defendant Town Board of the Town of Camillus (Board) by resolution unanimously consented to the incorporation of plaintiff, as required by Transportation Corporations Law § 116, and to the June 3rd agreement.

Plaintiff constructed the sewer system in seven separate sections between 1973 and 1982. In July 1984, the Board adopted a resolution providing that, in accordance with the agreement, it would collect and pay to plaintiff the sewer fees and charges.

On August 3, 1992, plaintiff filed a petition with the Board requesting that the current annual sewer rate be increased from $75 to $427.35 per unit pursuant to Transportation Corporations Law § 121, which provides that sewer rates be "fair, reasonable and adequate". Plaintiff asserted that the current rate of compensation provided by the agreement was not fair, reasonable or adequate because it was based upon estimates of costs, construction and installation of the sewer facilities applicable in 1968 and did not take inflation into account for the years between 1973 and 1982, when the sewer system was under construction. Plaintiff based the new rate on the cost of construction and installation of the sewer facilities and applied a 6% return on its investment over a 20-year period. Plaintiff further asserted that the current rate was unfair because sewer fees and charges from the unimproved properties in the franchise area should be collected by the Town and, although commercial and industrial users generated more sewage, the Town charged them the same rate charged to single-family residential users. Plaintiff also requested that the Town collect sewer fees and charges from the unimproved properties in the franchise area because the presence of the sewer facilities enhanced the value of those properties.

The Board denied plaintiff's petition for a rate increase on the ground that plaintiff failed to establish that the current rate was not fair, reasonable and adequate. Plaintiff then commenced an action seeking a judgment declaring that it is entitled to the relief requested in the petition. Additionally, plaintiff alleged that two other sewer systems, the Milton Ave-

nue Sewer District Extension and the Westover Sewer District, which was established by the Town, infringed upon its franchise rights and that it is entitled to those tap-in fees and transportation charges. Plaintiff further alleged that "Defendants have not collected [or] paid to [plaintiff] any tap-in or transportation fees for the use of its sewer facilities by the Milton Avenue Sewer District Extension or any of the other Defendants [i.e., Milton Avenue Sewer District, Westover Sewer District, the Town and the Board] for the years [1990-1993]".

In August 1994, plaintiff presented a second petition for a rate increase. Plaintiff appended to the petition material contained in the 1992 petition as well as additional material, including records of the actual construction costs for sections 1, 2, and 3 of the sewer system, amounting to $123,310.08. In addition, because detailed records of the construction costs for sections 4 through 7 of the sewer system could not be located, plaintiff hired environmental and engineering consultants O'Brien & Gere to review plaintiff's construction documentation and calculate the cost of sections 4 through 7. O'Brien & Gere calculated the total cost of those sections at $379,319.97. Based upon the foregoing figures, plaintiff alleged that the construction cost of the sewer system was $502,630.05 and that, applying a 6% return on its investment over a 20-year period, the annual sewer rate charge per unit should be increased to $427.35. Plaintiff also sought tap-in fees and transportation charges, increased sewer rates for commercial and industrial users, and application of the same sewer rates charged by the Town in its sewer district to the unimproved parcels of land in the franchise area.

The Board refused to act on plaintiff's petition, stating as its reason that five years had not elapsed since the first petition was presented in 1992. The Town then commenced an action seeking a judgment declaring that plaintiff's 1994 petition could not be maintained and that plaintiff had abandoned its sewer system and title thereto had passed to the Town. Plaintiff counterclaimed for a judgment declaring its right to the relief requested in the 1994 petition, and moved to consolidate the two actions and for summary judgment.

Without disposing of those actions, Supreme Court, by consent order dated November 22, 1995, remitted plaintiff's petitions to the Board for a hearing. The consent order directed, *inter alia*, that the Milton Avenue Sewer District pay plaintiff the $360 tap-in fee as well as annual transportation costs to be

determined at the hearing. A hearing was held, and after the hearing, the Board denied plaintiff's request for a rate increase "based on failure to prove a case for an increase of the rate". The Board made no reference to transportation costs.

On May 8, 1996, plaintiff commenced this action seeking a judgment declaring its right to a rate increase, tap-in fees and transportation charges, an increase in the rates charged to commercial and industrial users based upon the waste generated, and application of the same rates charged by the Town in its sewer district to unimproved property in the franchise area. After issue was joined, plaintiff moved to consolidate this action with the two other actions and for summary judgment. Defendants cross-moved to dismiss the present action as time barred. Because issue had been joined, defendants should have moved for summary judgment rather than moving to dismiss plaintiff's action (*see,* CPLR 3212 [a]). However, we ignore that technical irregularity and treat the motion as one for summary judgment (*see,* CPLR 2001; *see also, Technical Tape v Spray-Tuck, Inc.,* 146 AD2d 517, 518, *lv dismissed* 74 NY2d 791).

The court determined that the Board had breached its statutory duty to agree to a fair, reasonable and adequate sewer rate, and that plaintiff had provided adequate documentation to support its request for a rate increase. In addition, the court held that, based upon the agreement and the 1984 resolution authorizing the Town to collect the tap-in fees, plaintiff was entitled to payment of those fees. The court directed the Town to collect and pay to plaintiff a $360 tap-in fee for each unit that had tapped into plaintiff's facilities. The court granted the request by plaintiff for increased sewer rates from the commercial users of its facilities based upon the volume of waste generated because of the "substantially greater burden" placed upon the sewer facilities. Finally, the court determined that the sewer rates for owners of unimproved parcels of land in the franchise area should be calculated in accordance with the same formula used for owners of unimproved property in the Town's own sewer district. The court remitted the issue of a rate increase to the Board, directing it to determine the amount of such increase in conformity with the evidence already submitted. Defendants' cross motion seeking dismissal of plaintiff's action as time barred was denied.

Contrary to the present contention of plaintiff, the prior two actions are not before us. Indeed, it appears that they no longer survive. In this regard we take note of the fact that plaintiff alleged in its complaint in this action, and defendants admit-

ted in their answer, that the previous actions were "terminated" by the consent order.

█ The court should have granted that part of defendants' cross motion for summary judgment dismissing plaintiff's claims for a rate increase, for higher rates for industrial and commercial users and for application of the same rates charged by the Town in its sewer district to owners of unimproved property. Because those claims could have been brought under CPLR article 78, they are governed by the four-month Statute of Limitations (*see,* CPLR 217). The appropriate Statute of Limitations is determined by the substance of the action and the relief sought (*see, New York City Health & Hosps. Corp. v McBarnette,* 84 NY2d 194, 200-201, *rearg denied* 84 NY2d 865; *Press v County of Monroe,* 50 NY2d 695, 701; *Solnick v Whalen,* 49 NY2d 224, 229-230; *Heron v Division of Taxation of Dept. of Taxation & Fin.,* 209 AD2d 989, 990, *lv denied* 85 NY2d 809). "[I]f the claim could have been made in a form other than an action for a declaratory judgment and the limitations period for an action in that form has already expired, the time for asserting the claim cannot be extended through the simple expedient of denominating the action one for declaratory relief" (*New York City Health & Hosps. Corp. v McBarnette, supra,* at 201; *see, Solnick v Whalen, supra,* at 229-230; *Heron v Division of Taxation of Dept. of Taxation & Fin., supra,* at 990).

Plaintiff contends that its claims could not have been brought under CPLR article 78 because plaintiff is challenging "a legislative rate determination by the Town Board", not "an administrative determination". The Board's actions under Transportation Corporations Law § 121, however, are administrative rather than legislative (*see, International Paper Co. v Sterling Forest Pollution Control Corp.,* 105 AD2d 278, 282; *see also, Matter of Heritage Hills Sewage Works Corp. v Town Bd.,* 245 AD2d —, 1997 NY Slip Op 11015 [2d Dept, Dec. 15, 1997]). An action or a determination is deemed to be administrative where it "is characterized by its individualized application, limited duration, and informal adoption, e.g., resolution by the governing body" (*International Paper Co. v Sterling Forest Pollution Control Corp., supra,* at 282). Those three requisites are present here. The Board's determination was applicable only to plaintiff, the rate is reviewable "at intervals of not more than five years or at any time by petition of the corporation" (Transportation Corporations Law § 121) and the determination denying the rate increase was adopted by resolution.

Moreover, that part of plaintiff's action seeking declaratory relief for a rate increase, increased rates for commercial and

industrial users, and application of the rates to owners of unimproved property is plainly encompassed within the grounds for mandamus to review under CPLR 7803 (3). That is a further ground for application of the four-month Statute of Limitations (*see,* CPLR 217; *New York City Health & Hosps. Corp. v McBarnette, supra,* at 204-205; CPLR 7803 [3]; *see, e.g., International Paper Co. v Sterling Forest Pollution Control Corp., supra,* at 282). Nevertheless, because plaintiff commenced this action within the four-month limitation period, that part of plaintiff's action is not time barred. But unfortunately it fails for another reason. Plaintiff failed to file its proofs of service within 15 days after the Statute of Limitations expired, as then required by CPLR former 306-b (a). Plaintiff's failure to comply with CPLR former 306-b (a) requires dismissal of that part of plaintiff's action seeking the above declaratory relief (*see, Matter of Barsalow v City of Troy,* 208 AD2d 1144, 1146).

■ The four-month limitation period does not apply to plaintiff's claim regarding the tap-in fees. That claim involves an obligation under the agreement with the Town and is therefore an action to enforce a contract rather than one seeking relief under CPLR article 78. The court, therefore, properly granted that part of plaintiff's motion for summary judgment declaring plaintiff's right to the tap-in fees; in failing to collect and pay those fees to plaintiff, the Town breached the agreement. Because that claim is governed by the six-year Statute of Limitations (*see,* CPLR 213 [2]), the court should have limited plaintiff to tap-in fees for the six years prior to the commencement of this action. Defendants' contention that the tap-in fee constitutes a real property tax is raised for the first time on appeal and is not properly before us (*see, Snyder v Newcomb Oil Co.,* 194 AD2d 53, 59).

Although the court did not address plaintiff's claim regarding transportation costs and the alleged encroachment into the franchise area by defendant Westover Sewer District, the court's failure to rule is deemed a denial of that claim (*see, Brown v U.S. Vanadium Corp.,* 198 AD2d 863, 864). In any event, plaintiff has not cross-appealed therefrom.

Accordingly, the judgment should be modified by denying that part of plaintiff's motion for summary judgment seeking a declaration for the following relief: an increase in sewer rates and in the rates applied to commercial users, as well as application of the same rates charged by the Town in its sewer district to the owners of unimproved properties in the franchise

area; by vacating the declaration made concerning that relief; by granting that part of defendants' cross motion seeking dismissal of plaintiff's claims for that relief and vacating the remittal for that relief; and by granting judgment in favor of plaintiff declaring that the entitlement of plaintiff to tap-in fees for the use of its sewer facilities is limited to the six-year period before the commencement of this action.

DENMAN, P. J., HAYES, BALIO, BOEHM and FALLON, JJ., concur.

Judgment unanimously modified, on the law, and as modified, affirmed, without costs, and judgment granted in accordance with the opinion by BOEHM, J.