In the Matter of JOSEPH FOLEY, as President of Buffalo Professional Firefighters Association, Local 282, et al., Appellants, v ANTHONY MASIELLO, as Mayor of City of Buffalo, et al., Respondents. [833 NYS2d 342]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered September 7, 2005 in a proceeding pursuant to CPLR article 78. The judgment granted the cross motion of respondent Buffalo Fiscal Stability Authority seeking dismissal of the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners appeal from a judgment granting the cross motion of respondent Buffalo Fiscal Stability Authority (BFSA) seeking dismissal of the petition as time-barred under the four-month statute of limitations applicable to CPLR article 78 proceedings. Petitioners contend that this is a declaratory judgment action subject to the six-year statute of limitations because they are seeking, inter alia, a declaration that the wage freeze imposed by BFSA violates various provisions of both the United States and New York State Constitutions and thus that Supreme Court erred in granting the cross motion. We reject that contention. "The appropriate [s]tatute of [l]imitations is determined by the substance of the action and the relief sought" (*Bennett Rd. Sewer Co. v Town Bd. of Town of*

*Camillus,* 243 AD2d 61, 66 [1998]; *see New York City Health & Hosps. Corp. v McBarnette,* 84 NY2d 194, 200-201 [1994], *rearg denied* 84 NY2d 865 [1994]; *Press v County of Monroe,* 50 NY2d 695, 701 [1980]; *Solnick v Whalen,* 49 NY2d 224, 229-230 [1980]). "[I]f the claim could have been made in a form other than an action for a declaratory judgment and the limitations period for an action in that form has already expired, the time for asserting the claim cannot be extended through the simple expedient of denominating the action one for declaratory relief" (*New York City Health & Hosps. Corp.,* 84 NY2d at 201).

Petitioners are correct that "a proceeding under article 78 is not the proper vehicle to test the constitutionality of legislative enactments" (*Matter of Kovarsky v Housing & Dev. Admin. of City of N.Y.,* 31 NY2d 184, 191 [1972]). Here, however, petitioners challenge the constitutionality of BFSA's action as applied to their members, not the constitutionality of the underlying state legislation that created BFSA and authorized it to impose a wage freeze if necessary (*see* Public Authorities Law § 3858 [2] [c]), and "an article 78 proceeding is generally the proper vehicle to determine whether a statute, ordinance, or regulation has been applied in an unconstitutional manner" (*Kovarsky,* 31 NY2d at 191; *see e.g. Dimiero v Livingston-Steuben-Wyoming County Bd. of Coop. Educ. Servs.,* 199 AD2d 875, 877 [1993], *lv denied* 83 NY2d 756 [1994]; *Goodman v Regan,* 151 AD2d 958, 959-960 [1989]). Further, although a CPLR article 78 proceeding is not the proper vehicle to challenge a legislative act (*see Matter of Frontier Ins. Co. v Town Bd. of Town of Thompson,* 252 AD2d 928, 929 [1998]), it is the customary procedural vehicle for review of administrative determinations (*see Solnick,* 49 NY2d at 231). Here, BFSA's action in imposing the wage freeze was administrative rather than legislative given " 'its individualized application, limited duration, and informal adoption, [i.e.], resolution by the governing body' " (*Bennett Rd. Sewer Co.,* 243 AD2d at 66, quoting *International Paper Co. v Sterling Forest Pollution Control Corp.,* 105 AD2d 278, 282 [1984]; *see Town of Webster v Village of Webster,* 280 AD2d 931, 933 [2001]; *cf. Frontier Ins. Co.,* 252 AD2d at 930). Thus, the court properly treated the proceeding as one pursuant to CPLR article 78.

The contention of petitioners that their time to commence the proceeding should be extended in the interest of justice pursuant to CPLR 306-b is raised for the first time on appeal and is therefore not properly before us (*see Moss v McKelvey,* 32 AD3d 1281, 1283 [2006]; *Ciesinski v Town of Aurora,* 202 AD2d 984, 985 [1994]). In any event, that contention is without merit. Present—Scudder, P.J., Hurlbutt, Smith, Lunn and Green, JJ.