# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**313**
**CA 10-01673**
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND GORSKI, JJ.

---

MARLINO GRESS, MAURICE HOWIE,
TIMOTHY M. JOHNSON AND ABRAHAM MCKINNEY, ON
BEHALF OF THEMSELVES AND ALL OTHER SIMILARLY
SITUATED PERSONS, PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

BYRON BROWN, AS MAYOR, CITY OF BUFFALO, AND
BUFFALO FISCAL STABILITY AUTHORITY,
DEFENDANTS-APPELLANTS.

---

DAVID RODRIGUEZ, ACTING CORPORATION COUNSEL, BUFFALO (TIMOTHY A. BALL
OF COUNSEL), FOR DEFENDANTS-APPELLANTS BYRON BROWN, AS MAYOR, AND CITY
OF BUFFALO.

HARRIS BEACH PLLC, PITTSFORD (A. VINCENT BUZARD OF COUNSEL), FOR
DEFENDANT-APPELLANT BUFFALO FISCAL STABILITY AUTHORITY.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN M. LICHTENTHAL OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------

Appeals from a judgment and order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered October 28, 2009. The judgment and order, inter alia, granted the motion of plaintiffs for partial summary judgment and declared that defendant Buffalo Fiscal Stability Authority does not have the authority to freeze the wages of plaintiffs, denied and dismissed defendants' affirmative defenses, and denied the cross motions of defendants for summary judgment.

It is hereby ORDERED that the judgment and order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this class action on behalf of former and current City of Buffalo Public Works Department seasonal, at-will sanitation employees seeking, inter alia, damages resulting from the alleged failure of defendants Byron Brown, as Mayor, and the City of Buffalo (collectively, City defendants) to pay plaintiffs in compliance with the Buffalo Living Wage Ordinance ([Living Wage Ordinance] City of Buffalo Code § 96-19). The City defendants and defendant Buffalo Fiscal Stability Authority (BFSA) each appeal from a judgment and order that, inter alia, granted plaintiffs' motion for partial summary judgment declaring that the BFSA does not have the authority to freeze plaintiffs' wages. We reject defendants' contention that Supreme Court erred in denying the respective cross

motions of the City defendants and the BFSA for summary judgment dismissing the amended complaint on the ground that the action is actually a CPLR article 78 proceeding to which the four-month statute of limitations is applicable. "The appropriate [s]tatute of [l]imitations is determined by the substance of the action and the relief sought" (*Bennett Rd. Sewer Co. v Town Bd. of Town of Camillus*, 243 AD2d 61, 66). Plaintiffs originally commenced this action against only the City defendants, seeking damages for their violation of the Living Wage Ordinance, and they thereafter amended the complaint to include a cause of action for a declaration against the BFSA when defendants raised as an affirmative defense the wage freeze imposed by the BFSA from April 2004 to June 2007. Thus, the gravamen of the action is not a challenge to the BFSA's determination to impose a wage freeze, either in general or as applied to plaintiffs. Rather, plaintiffs commenced this action to recover damages based on the City defendants' alleged violation of the wage requirements set forth in the Living Wage Ordinance (*cf. Matter of Foley v Masiello*, 38 AD3d 1201, 1202), and they amended the complaint to seek a declaration regarding the rights of the BFSA with respect to plaintiffs' wages in response to defendants' assertion of the wage freeze as an affirmative defense.

We reject defendants' further contention that the court erred in declaring that the wage freeze imposed by the BFSA was inapplicable to plaintiffs' wages. Pursuant to the BFSA Act, the BFSA "shall be empowered to order that all increases in salary or wages of employees of the [C]ity . . . [that] will *take effect* after the date of the order *pursuant to collective bargaining agreements, other analogous contracts or interest arbitration awards*, now in existence or hereafter entered into, requiring such salary or wage increases as of any date thereafter are suspended" (Public Authorities Law § 3858 [2] [c] [i] [emphasis added]). Defendants do not contend that the terms of plaintiffs' employment are governed by a collective bargaining agreement (CBA) or that there is an applicable interest arbitration award. Further, even assuming, arguendo, that some of the terms of plaintiffs' employment as seasonal workers can be determined by reference to the CBA governing permanently employed sanitation workers, we conclude that plaintiffs are not entitled to any scheduled wage increases pursuant to that CBA. Instead, plaintiffs' scheduled wage increases "take effect" pursuant to the Living Wage Ordinance, and thus those wage increases are outside the purview of the BFSA's authority (*id.; see Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208-209). We have reviewed defendants' remaining contentions and conclude that they are without merit.

Entered: March 25, 2011                                    Patricia L. Morgan
                                                          Clerk of the Court