# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

130
CA 14-01234
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF NEW YORK STATE NURSES ASSOCIATION,
DENNIS ROBINSON, INDIVIDUALLY AND AS CHAIRPERSON
OF NEW YORK STATE NURSES ASSOCIATION LOCAL
BARGAINING UNIT, NATHAN SULL, INDIVIDUALLY AND
AS MEMBERSHIP CHAIRPERSON OF NEW YORK STATE          MEMORANDUM AND ORDER
NURSES ASSOCIATION LOCAL BARGAINING UNIT,
CHRIS REED, INDIVIDUALLY, CIVIL SERVICE
EMPLOYEES ASSOCIATION INC., LOCAL
815, DENISE SYZMURA, INDIVIDUALLY AND AS
PRESIDENT OF ERIE UNIT OF CSEA LOCAL 815,
KEVIN KUMOR, INDIVIDUALLY AND AS EXECUTIVE VICE
PRESIDENT OF ERIE UNIT OF CSEA LOCAL 815 AND
BELLA MEDOLA, INDIVIDUALLY AND AS PRESIDENT OF
ECMC UNIT OF CSEA LOCAL 815,
PETITIONERS-PLAINTIFFS-APPELLANTS,

V

ERIE COUNTY MEDICAL CENTER CORPORATION, ERIE
COUNTY MEDICAL CENTER CORPORATION BOARD OF
DIRECTORS AND JODY L. LOMEO, AS CHIEF EXECUTIVE
OFFICER OF ERIE COUNTY MEDICAL CENTER CORPORATION,
RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

COHEN, WEISS AND SIMON LLP, NEW YORK CITY (JOSHUA J. ELLISON OF
COUNSEL), AND STEVEN A. CRAIN AND DAREN J. RYLEWICZ, CIVIL SERVICE
EMPLOYEES ASSOCIATION, INC., ALBANY, FOR PETITIONERS-PLAINTIFFS-
APPELLANTS.

GOLDBERG SEGALLA LLP, BUFFALO (MATTHEW C. VAN VESSEM OF COUNSEL), FOR
RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Erie County (Jeremiah J. Moriarty, III, A.J.), entered
April 21, 2014 in a CPLR article 78 proceeding and declaratory
judgment action.  The judgment granted the motion of respondents to
dismiss the petition-complaint and dismissed the petition-complaint.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  On December 11, 2013, petitioners-plaintiffs
(petitioners) commenced this hybrid CPLR article 78 proceeding and
declaratory judgment action (proceeding) challenging a resolution

adopted by respondent-defendant Erie County Medical Center Corporation Board of Directors (Board) on February 26, 2013.  The resolution, among other things, authorized respondent-defendant Erie County Medical Center Corporation (ECMCC) "to directly administer applicable parts of the Civil Service Law," effective immediately.  In their petition-complaint (petition), petitioners alleged that the Board lacked authority to establish its own civil service system, that the Board acted in violation of Public Authorities Law and Civil Service Law and in an "ultra vires manner," and that the resolution was "affected by an error of law or was arbitrary and capricious" (CPLR 7803 [3]).  Supreme Court dismissed the petition as time-barred inasmuch as petitioners commenced the proceeding more than four months after the resolution was adopted.  We affirm.

Petitioners contend that their petition was timely because no injury had yet occurred at the time the petition was filed.  We reject that contention.  The Board's adoption of the resolution constituted a definitive position that resulted in actual concrete injury because, pursuant to the resolution, ECMCC was immediately authorized to administer civil service functions, thereby usurping the authority of Erie County to do so (*see generally Stop-The-Barge v Cahill*, 1 NY3d 218, 223).

We reject petitioners' further contention that the court should have issued a declaration that ECMCC and the Board violated Civil Service Law and Public Authorities Law.  Petitioners cannot avoid dismissal of their untimely petition by casting their claim as one seeking declaratory relief (*see generally New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201; *Matter of Foley v Masiello*, 38 AD3d 1201, 1201-1202).

Entered:  March 27, 2015                    Frances E. Cafarell
                                            Clerk of the Court