Byrnes v Senate of State of N.Y. (2024 NY Slip Op 03351)

Byrnes v Senate of State of N.Y.

2024 NY Slip Op 03351

Decided on June 18, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

537.1 CA 24-00764

[*1]MARJORIE BYRNES, INDIVIDUALLY AND AS A MEMBER OF NEW YORK STATE ASSEMBLY, TAWN FEENEY AND SUSAN LUNDGREN, PLAINTIFFS-RESPONDENTS,
v
SENATE OF STATE OF NEW YORK, THE ASSEMBLY OF THE STATE OF NEW YORK, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (DUSTIN J. BROCKNER OF COUNSEL), FOR DEFENDANTS-APPELLANTS AND DEFENDANTS ANDREA STEWART-COUSINS, AS PRESIDENT PRO TEMPORE AND MAJORITY LEADER OF SENATE AND CARL HEASTIE, AS SPEAKER OF ASSEMBLY. 
MCLAUGHLIN & STERN, LLP, GARDEN CITY (CHRISTIAN BROWNE OF COUNSEL), AND COX LAWYERS, PLLC, BRONXVILLE, FOR PLAINTIFFS-RESPONDENTS.
PERILLO HILL LLP, SAYVILLE (LISA A. PERILLO OF COUNSEL), FOR DEFENDANTS ROBERT ORTT, AS MINORITY LEADER OF THE SENATE, AND WILLIAM BARCLAY, AS MINORITY LEADER OF THE ASSEMBLY.
WINSTON & STRAWN LLP, NEW YORK CITY (SUSANNAH TORPEY OF COUNSEL), FOR LEAGUE OF WOMEN VOTERS OF NEW YORK STATE, AMICUS CURIAE. 
EQUAL PROTECTION PROJECT, LEGAL INSURRECTION FOUNDATION, BARRINGTON, RHODE ISLAND (WILLIAM A. JACOBSON OF COUNSEL), FOR EQUAL PROTECTION PROJECT, AMICUS CURIAE.
ANDREW BATH, GENERAL COUNSEL, CHICAGO, ILLINOIS (CHRISTOPHER A. FERRARA OF COUNSEL), FOR THOMAS MORE SOCIETY, AMICUS CURIAE.

 Appeal from a judgment of the Supreme Court, Livingston County (Daniel J. Doyle, J.), entered May 7, 2024. The judgment, insofar as appealed from, granted the cross-motion of plaintiffs for summary judgment, declared that the New York State Legislature violated article XIX section 1 of the New York State Constitution in adopting Senate Bill S.51002 and Assembly Bill A.41002, declared those bills null and void, ordered the proposed constitutional amendment to be removed from the ballot for the general election of November 5, 2024, and denied in part the motion for summary judgment of defendants Senate of the State of New York, Andrea Stewart-Cousins, as the president pro tempore and majority leader of the Senate, Assembly of the State of New York and Carl Heastie, as speaker of the Assembly. 
It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, the cross-motion is denied, the declaration is vacated, the motion is granted in its entirety, and the complaint is dismissed against defendants Senate of the State of New York and Assembly of the State of New York.
Memorandum: Plaintiffs commenced this action seeking a judgment declaring, inter alia, that the New York State Legislature violated article XIX section 1 of the New York State Constitution in adopting Senate Bill S.51002 and Assembly Bill A.41002 on July 1, 2022 [*2]because it advanced a proposed amendment to the Constitution before the Attorney General rendered an opinion in writing as to the effect of the proposed amendment upon other provisions of the Constitution and before the expiration of the 20-day period proscribed for the Attorney General to issue such an opinion. Defendants Senate of the State of New York; Andrea Stewart-Cousins, as the president pro tempore and majority leader of the Senate; Assembly of the State of New York; and Carl Heastie, as speaker of the Assembly (collectively, majority defendants) made a preanswer motion to dismiss the complaint on various grounds, including that the cause of action asserted therein is properly the subject of a CPLR article 78 proceeding and that the four-month statute of limitations applicable to such a proceeding has expired. Plaintiffs cross-moved for summary judgment on the complaint, and Supreme Court converted the majority defendants' motion to dismiss into one seeking summary judgment (see CPLR 3211 [c]). Thereafter, the court granted the majority defendants' motion to the extent it sought summary judgment dismissing the complaint against Stewart-Cousins and Heastie, but otherwise denied the majority defendants' motion. The court also granted plaintiffs' cross-motion and issued a declaration in their favor. Defendants-appellants appeal from the judgment to the extent that it denied the motion and granted the cross-motion, and we now reverse the judgment insofar as appealed from.
When a proceeding or action against a state entity "has been commenced in the form of a declaratory judgment action, for which no specific Statute of Limitations is prescribed, it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought in order to resolve which Statute of Limitations is applicable" (New York City Health and Hosps. Corp. v McBarnette, 84 NY2d 194, 200-201 [1994], rearg denied 84 NY2d 865 [1994] [internal quotation marks omitted]). "[I]f the claim could have been made in a form other than an action for a declaratory judgment and the limitations period for an action in that form has already expired, the time for asserting the claim cannot be extended through the simple expedient of denominating the action one for declaratory relief" (id. at 201; see Matter of Foley v Masiello, 38 AD3d 1201, 1202 [4th Dept 2007]).
It is well settled that "a proceeding under article 78 is not the proper vehicle to test the constitutionality of legislative enactments" (Matter of Kovarsky v Housing & Dev. Admin. of City of N.Y., 31 NY2d 184, 191 [1972]; see Press v County of Monroe, 50 NY2d 695, 702 [1980]). When the challenge is directed at the procedures followed by the legislature rather than the substance of the enactment, however, "it is maintainable in an article 78 proceeding" (Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202 [1987]).
Here, although plaintiffs characterize the complaint "as a challenge to the constitutionality of [defendants'] actions, [it] actually alleges an erroneous application of a constitutional provision relating to the procedure by which" the proposed amendment was advanced, and therefore it would have been proper to "proceed[ ] by way of a CPLR article 78 proceeding" (Matter of Straniere v Silver, 218 AD2d 80, 82 n 2 [3d Dept 1996], affd for reasons stated 89 NY2d 825 [1996]; see Matter of Voelckers v Guelli, 58 NY2d 170, 176-177 [1983]). Thus, the sole cause of action here is subject to the four-month statute of limitations and is time-barred (see CPLR 217 [1]).
The remaining contentions are academic in light of our determination.
Entered: June 18, 2024
Ann Dillon Flynn
Clerk of the Court