OPINION OF THE COURT
Wachtler, J.
The plaintiffs are the Town of. Hardenburgh and various town officials, who sue in both their individual and official capacities. They commenced this declaratory judgment action on behalf of those property owners residing in the town who claim they would be entitled to a religious property tax exemption under section 436 of the Real Property Tax Law as that statute was worded prior to January 1, 1979, but who, under the amended wording of the law, are now unable to qualify for exemption.
The previous version of section 436 reads as follows: “Real property held by an officer of a religious denomination shall be entitled to the same exemption from taxation, special ad valorem levies and special assessments, subject to the same conditions and exceptions, as property owned by a religious corporation.” (L 1958, ch 959.)
The current version states: “Real property held in trust by a clergyman or minister of a religious denomination for the benefit of the members of his incorporated church or unincorporated church shall be entitled to the same exemption from taxation, special ad valorem levies and special assessments as authorized by section four hundred twenty-one of this chapter; provided that such real property shall satisfy all the conditions and exceptions set forth therein including that the property so held be used exclusively for one or more of the purposes enumerated in paragraph (a) of subdivision one of section four hundred twenty-one of this chapter.” (L 1978, ch 738.) Plaintiffs allege that by *540 requiring church officers to hold the property in trust as a clergyman or minister in order to qualify their property for exemption, the current version contravenes the religious rights under the First Amendment of the United States Constitution of landowners who are officers in the Universal Life Church. The Appellate Division held, in agreement with Special Term, that the Town of Hardenburgh and the individual plaintiffs suing in their official capacity were without standing. As for the plaintiffs suing in their individual capacity, the court below held that insufficient facts were alleged to raise a justiciable controversy concerning whether these persons actually experienced interference with their First Amendment rights.
At the outset we note that the appeal taken purportedly as of right by the town and the town officials must be dismissed for the reason that a substantial constitutional question is not directly involved. The basis of the Appellate Division’s affirmance of the dismissal of the complaint of these plaintiffs was not on the merits of the First Amendment challenge, but rather on consideration of the standing of these parties to bring this suit against the State (see Town of Black Brook v State of New York, 41 NY2d 486, 488). Accordingly, it cannot be said that the asserted constitutional issue was a basis of the decision below. The appeal to this court on that constitutional issue, therefore, does not lie as of right (Cohen and Karger, Powers of the New York Court of Appeals, § 57).
As regards the individual plaintiffs, no such procedural impediment exists, and we disagree with the court below that insufficient allegations are presented to pose a justiciable controvesry. True, it would be ill-advised on such an undeveloped record as this to declare the statute constitutional in all instances, but we are free, nonetheless, to fashion appropriate declaratory relief, and to determine on the merits that insofar as the statute is applied to these plaintiffs, the constitutional challenge should be rejected (First Nat. Stores v Yellowstone Shopping Center, 21 NY2d 630, 637).
The plaintiffs do not show that the statute does not apply evenhandedly with regard to various religious groups (see *541 Walz v Tax Comm., 397 US 664, 673), nor, more fundamentally, have they shown any particular religious practice or belief with which the statute interferes. The supposed infirmities do not, insofar as they apply to the plaintiffs, impose anything more than a reasonable regulation by the State on the manner in which property subject to the religious exemption is to be held.
The State has a significant interest in this area, and the apparent purpose of this enactment — to distinguish church property diverted from the benefit of the congregation into private or nonreligious use — has not been shown to have an additional invidious effect (see McGowan v Maryland, 366 US 420). If the property which plaintiffs seek to have exempted is indeed church property, we do not see what First Amendment right the plaintiffs have to hold the title as private individuals. If, on the other hand, the property truly is privately owned and used, then the effect of the statute in preventing its exemption is no more than a justifiable action to protect the municipal tax base (cf. Matter of Association of Bar of City of N. Y. v Lewisohn, 34 NY2d 143).
Accordingly, the order of the Appellate Division should be modified so as to include a declaration that chapter 738 of the Laws of 1978 is constitutional insofar as it affects this case, and, as so modified, affirmed, with costs to defendants.
Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur; Chief Judge Cooke taking no part.
On appeal by the town and town officials: Appeal dismissed, without costs.
On appeal by the remaining plaintiffs: Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs to defendants.