In the Matter of MORRIS J. EISEN (Admitted as MORRIS EISEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 23, 1992

### APPEARANCES OF COUNSEL

*Richard M. Maltz* and *Rosemary F. Palladino* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Morris J. Eisen was admitted to the practice of law in New York by the First Judicial Department on December 3, 1956, and at all times pertinent to this proceeding

maintained an office for the practice of law within this Department.

Following a jury trial in the United States District Court for the Eastern District of New York (Sifton, J.), respondent was found guilty of both counts of an indictment charging him with a pattern of racketeering in violation of 18 USC §§ 1961 and 1962 (c), which included, *inter alia*, two racketeering acts of bribing a witness, in violation of New York Penal Law § 215.00, under count one of the indictment, and conspiring to commit racketeering acts, in violation of 18 USC §§ 1961 and 1962 (d), under count two of the indictment. On September 4, 1991, respondent was sentenced to two concurrent terms of 57 months' imprisonment. Upon release from imprisonment respondent is to be on supervised release for a term of two years on each count. The terms are to run concurrently. In addition, respondent was fined a total of $100,000 and assessed $100. Finally, respondent was ordered to forfeit the sum of $500,000 and to make restitution in the amount of $17,100.

The indictment arose out of events which took place commencing in or about January 1981, when respondent, the sole shareholder and principal attorney of the Morris J. Eisen law firm, and others engaged in a pattern of racketeering activities to, *inter alia*, ensure that the Eisen firm would recover large damage awards or settlements from civil defendants and their liability insurance companies. Among the means employed by respondent and others to achieve this end was bribing witnesses to influence their testimony.

Petitioner Departmental Disciplinary Committee moves for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). The latter provision, insofar as relevant, defines a felony as "any criminal offense classified as a felony under the laws of this state." Respondent has interposed no response to the petition.

Respondent was convicted of two racketeering acts of willfully and knowingly bribing a witness in violation of New York Penal Law § 215.00, a class D felony. Thus, pursuant to Judiciary Law § 90 (4) (a) respondent ceased to be an attorney and counselor-at-law upon his conviction. Accordingly, the petition is granted and respondent's name is to be stricken from the roll of attorneys forthwith.

SULLIVAN, J. P., ROSENBERGER, KUPFERMAN, ROSS and KAS-
SAL, JJ., concur.

Respondent's name is ordered stricken from the roll of attorneys and counselors-at-law in the State of New York, effective January 23, 1992.