■ In the Matter of EDWARD YALOWITZ et al., Appellants, v PRUDENTIAL EQUITY GROUP LLC, Formerly Known as PRUDENTIAL SECURITIES INCORPORATED, et al., Respondents. [807 NYS2d 72]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered on or about June 22, 2005, which denied petitioners' application to vacate so much of an arbitration award as found petitioner Yalowitz liable to respondents in the amount of $531,524.18, petitioner Zeidler liable to respondents in the amount of $12,994.11, and required petitioners to pay attorneys' fees in the amount of $119,668.02, and granted respondents' cross petition to confirm the arbitration award in its entirety, unanimously affirmed, with one bill of costs.

Pursuant to arbitration clauses contained in petitioners' employment contracts with respondents, the matter was

arbitrated before three arbitrators who, without giving any reasons, awarded respondents the relief they sought, namely, the outstanding principal balance and interest owed on the notes that petitioners gave respondents, plus attorneys' fees. Petitioners were awarded some of the money they sought on their counterclaims, which award, they claim, was in part based on a finding that the notes were induced by fraud. Petitioners argue that the arbitrators manifestly disregarded the law of fraud in the inducement in that the notes could not be both enforceable and induced by fraud. We reject this argument because there is nothing in the language of the award itself or any other part of the record indicating that a finding of fraud was made. Rather, the award on petitioners' counterclaims can be rationalized, or at least " 'barely colorabl[y] justifi[ed]' " (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 12 AD3d 65, 70-71 [2004]), as an equitable allocation of moneys between the parties. We also reject petitioners' argument that the award of attorneys' fees was in excess of the arbitrators' authority or in manifest disregard of the employment contracts, which did allow for payment of attorneys' fees associated with collection. Since petitioners' counterclaims were inextricably interwoven with their affirmative defenses, respondents' attorneys' fees were all part of the costs associated with collection of the notes, and no additional attorneys' fees were incurred to defend against the counterclaims.

We have considered petitioners' other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and Malone, JJ.