■ In the Matter of the Arbitration between UTICA MUTUAL INSURANCE COMPANY, Respondent, and SELECTIVE INSURANCE COMPANY OF AMERICA, Appellant. [813 NYS2d 547]—

Mercure, J.P. (1) Appeal from an order of the Supreme Court (Stein, J.), entered December 21, 2004 in Greene County, which, inter alia, granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award, and (2) motion to dismiss appeal.

The parties are automobile insurance companies who insure, respectively, two policyholders involved in a motor vehicle accident that occurred in July 2001. After paying $50,000 in no-fault benefits, respondent filed an application for mandatory arbitration with Arbitration Forums, Inc., a company that administers no-fault arbitrations in New York (see Insurance Law § 5105). In January 2004, an arbitrator rendered a decision finding that "[respondent] (Selective) submitted proof [of] negligence against [petitioner] (Utica), 70%, comparative negligence applied." The determination further stated that "Comp[aritive] Neg[ligence] applies, find [respondent]—30%[;] [petitioner]—70%" and awarded $35,000 to respondent. After receiving the arbitrator's findings, petitioner commenced this CPLR article 75 proceeding seeking an order vacating the arbitrator's determination. Respondent cross-moved for confirmation of the award. Supreme Court, finding the arbitrator's award to be "exceedingly indefinite," vacated the award and remanded the matter to the arbitrator to clarify her findings. Respondent did not seek a stay of the court's order, but instead filed an appeal to this Court.

Meanwhile, the arbitrator issued an amended decision indicating that the "liability percentage was reversed," finding respondent's insured to have been 70% at fault and petitioner's insured to have been 30% at fault, and reducing respondent's award to $15,000. Upon respondent's petition for vacatur, Supreme Court concluded that the arbitrator's amended decision further confounded the issue. The court vacated the amended award and remanded the matter to the arbitrator for further guidance. In a second amended decision, the arbitrator again awarded respondent $15,000. Petitioner then moved to dismiss this appeal as moot, asserting that the arbitrator has now issued a definitive decision establishing liability.

It is well settled that "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst

*Corp. v Clyne,* 50 NY2d 707, 714 [1980]; *see Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801, 810-811 [2003], *cert denied* 540 US 1017 [2003]). Here, it cannot be said that a determination by this Court would not affect the rights of the parties. A holding that Supreme Court erred in vacating the award would result in reinstatement of the original award. On the other hand, if the Court upholds the vacatur, the parties will be bound by the most recent amended award—subject to any right of respondent to challenge that award—which purports to reverse the percentages of liability assigned in the original award. Inasmuch as the parties' rights and liabilities will be directly affected by our resolution of this appeal, the dispute is justiciable and petitioner's motion is therefore denied.

Turning to the merits, we conclude that Supreme Court properly vacated the initial arbitration award. Where arbitration is compulsory, "the standard for judicial review of the award is more exacting than in voluntary arbitration" (*Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.],* 49 NY2d 757, 758 [1980]) and "[t]o be upheld, an award . . . must have evidentiary support and cannot be arbitrary and capricious" (*Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 214, 223 [1996]). Particularly relevant here, an award may be vacated where the arbitrator "so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]; *see Matter of Meisels v Uhr,* 79 NY2d 526, 536 [1992]).

As Supreme Court explained, the original award is internally inconsistent because it states that respondent was 70% negligent, yet apportions only 30% of fault against respondent. Further confusion was created by the arbitrator's incorrect statement that respondent's insured was cited for a traffic violation at the scene, whereas it was in fact petitioner's insured who was cited. Finally, we note that in seeking to vacate the first amended award—which suffered from many of the same infirmities as the original award—respondent itself characterized the award as "ambiguous and indefinite and as written, fail[ing] to present a coherent, rational determination." Under these circumstances, we agree with Supreme Court that vacatur of the original award was required.

Respondent's remaining contentions are either academic, unsupported by the record or otherwise lacking in merit.

Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the motion is denied, without costs. Ordered that the order is affirmed, without costs.