[892 NE2d 380, 862 NYS2d 316]

LANDAU, P.C., as Successor, by Change of Name, to MORRIS J. EISEN, P.C., Appellant, et al., Plaintiff, v LAROSSA, MITCHELL & ROSS, et al., Respondents.

Argued June 3, 2008; decided June 25, 2008

**POINTS OF COUNSEL**

*Bernstein Litowitz Berger & Grossmann LLP,* New York City
(*John P. Coffey, Max W. Berger* and *Jai K. Chandrasekhar* of
counsel), *Duane Morris LLP (Thomas R. Newman* of counsel)
and *Harrington Henry LLP,* for appellant. I. Justice Bransten's
nonfinal, non-merits-based dismissal of the prior action without
prejudice cannot form the basis of res judicata. (*Miller Mfg. Co.
v Zeiler,* 45 NY2d 956; *Allende v New York City Health & Hosps.
Corp.,* 90 NY2d 333; *Stiles v Batavia Atomic Horseshoes,* 81
NY2d 950, 1068; *City of New York v Caristo Constr. Corp.,* 94
AD2d 688, 62 NY2d 819; *Parker v Blauvelt Volunteer Fire Co.,*
93 NY2d 343; *GTFM, LLC v Nagy,* 18 AD3d 266; *Schindler v
Issler & Schrage,* 262 AD2d 226, 94 NY2d 791, 859; *Iacono v
Japan Line,* 89 AD2d 948; *Alco Gravure, Inc. v Knapp Found.,*
64 NY2d 458; *Matter of Schulz v State of New York,* 81 NY2d
336.) II. Landau, P.C. has capacity to maintain its claims against
defendants-respondents because it was reinstated nunc pro tunc
under Tax Law § 203-a (7). (*St. James Constr. Corp. v Long,* 253
AD2d 754; *Erljur Assoc. v Weissman,* 134 AD2d 321; *Tedesco v
A.P. Green Indus., Inc.,* 8 NY3d 243; *People ex rel. Matthews v
New York State Div. of Parole,* 95 NY2d 640; *Telaro v Telaro,* 25
NY2d 433.) III. Landau, P.C. is entitled to the six-month grace
period to file a new action on the same claims under CPLR 205
(a) because Landau, P.C. was restored to good corporate stand-
ing under Tax Law § 203-a (7). (*George v Mt. Sinai Hosp.,* 47
NY2d 170; *Freedman v New York Hosp. Med. Ctr. of Queens,* 9
AD3d 415; *Vigliotti v Ricci,* 229 AD2d 389; *Hillen v Di Paolo,*
100 AD2d 893; *Carrick v Central Gen. Hosp.,* 51 NY2d 242;
*McGuire v Southside Hosp.,* 301 AD2d 505; *Brown v Huntington
Med. Group,* 238 AD2d 367; *Lancaster v 46 NYL Partners,* 228
AD2d 133; *Brown v Zaino,* 226 AD2d 492; *Ballav v Deepdale
Gen. Hosp.,* 196 AD2d 520.)

*Martin Clearwater & Bell LLP,* New York City (*Nancy A. Breslow, Peter T. Crean* and *Thomas A. Mobilia* of counsel), for respondents. This action was properly dismissed on res judicata grounds. (*Smith v Russell Sage Coll.,* 54 NY2d 185; *Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481; *Matter of Shea,* 309 NY 605; *Forte v Kaneka Am. Corp.,* 110 AD2d 81; *O'Brien v City of Syracuse,* 54 NY2d 353; *Schneider v David,* 197 AD2d 363; *Ryan v New York Tel. Co.,* 62 NY2d 494; *S.T. Grand, Inc. v City of New York,* 32 NY2d 300; *Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343; *Marinelli Assoc. v Helmsley-Noyes Co.,* 265 AD2d 1.)

### OPINION OF THE COURT

CIPARICK, J.

In this appeal, we are asked to determine whether a judgment dismissing a complaint "without prejudice," on the basis of a corporation's lack of capacity, has res judicata effect on a subsequent action brought by the corporation's successor. We conclude that it does not.

From 1974 until his disbarment in January 1992, Morris J. Eisen was the sole shareholder and managing partner of the law firm Morris J. Eisen, P.C. (Eisen, P.C.). On August 11, 1986, the City of New York filed a civil action against Eisen, P.C. and various individuals, alleging that they had defrauded the City by presenting false testimony in three negligence actions in which the City was a defendant. Eisen, P.C. retained defendant law firm to defend the action. While the City's civil action was pending, Eisen was tried in federal court for bribery, mail fraud and racketeering in connection with his representation of 11 personal injury plaintiffs, which resulted in his 1991 conviction. As a result of Eisen's conviction, he was disbarred on January 23, 1992 (*see Matter of Eisen,* 174 AD2d 141 [1st Dept 1992]).

On September 4, 1992, an amended certificate of incorporation was filed with the Secretary of State changing the name of Eisen, P.C. to Landau, P.C., and naming Eisen's daughter, Debbi Landau (an attorney), as the director, president, secretary and shareholder of Landau, P.C. However, in a December 30, 1992 document entitled "Written Consent of Sole Director and Shareholder," Eisen asserted that he was the sole director and shareholder of Landau, P.C. and that Landau, P.C. was to be liquidated and dissolved. That same day Eisen also executed a document entitled "Assignment Agreement" in which he, as president of Landau, P.C., assigned Landau, P.C.'s assets, subject to

the assignor's liabilities, to himself.[1] Additionally, on an IRS Form 966—corporate dissolution or liquidation—dated February 1, 1993, Eisen, as president of Landau, P.C., affirmed that Landau, P.C. was dissolved and liquidated on December 30, 1992.

On February 24, 1995, Supreme Court granted the City of New York partial summary judgment on its claims. Eisen and Eisen, P.C. unsuccessfully sought renewal, reargument and/or vacatur of Supreme Court's order, arguing that newly discovered evidence would rebut the City's claim for damages and that the court misapplied the doctrine of collateral estoppel.

Eisen and Eisen, P.C. then initiated the first legal malpractice lawsuit against defendants, alleging that they failed to properly oppose the City of New York's motion for summary judgment. Defendants moved pre-answer to dismiss the complaint for lack of standing, contending that Eisen, as a disbarred attorney, could not bring suit individually or on behalf of Eisen, P.C. Defendants additionally moved to dismiss on the grounds that: (1) collateral estoppel barred Eisen and Eisen, P.C. from establishing proximate cause because any of the alleged damages were the result of the federal criminal convictions for racketeering, bribery and fraud, and (2) Eisen, P.C., as a corporation dissolved pursuant to Tax Law § 203-a, lacked the capacity to initiate a lawsuit.

Supreme Court, by order dated January 10, 2000, dismissed the complaint, concluding that Eisen in his individual capacity lacked standing to assert a claim on behalf of Eisen, P.C. The court further held that Eisen, P.C. lacked the capacity to initiate the action because it was a dissolved corporation—due either to the December 1992 or the March 1997 dissolution—that can only assert claims to wind up the corporation's affairs. A malpractice action, the court reasoned, could not be deemed part of the winding up of the P.C.'s affairs.

Eisen and Eisen, P.C. then moved to renew and reargue Supreme Court's January 10, 2000 decision and sought an order, pursuant to CPLR 3025, for leave to serve an amended complaint adding Landau, P.C., as successor to Eisen, P.C., as plaintiff and to allege causes of action on behalf of Eisen as a liquidation shareholder and assignee of Landau, P.C. Eisen and

---

1. In a document dated September 1999, Debbi Landau, as sole director and former shareholder of Landau, P.C., adopted the plan of liquidation and dissolution as set forth in the December 30, 1992 Written Consent of Sole Director and Shareholder.

Eisen, P.C. asserted that based upon the Secretary of State's annulment of the dissolution proclamation, Landau, P.C. had standing to bring the legal malpractice action on its own behalf. Supreme Court denied the motions and the Appellate Division affirmed both orders without opinion (*see Morris J. Eisen, P.C. v LaRossa, Mitchell & Ross*, 282 AD2d 996 [1st Dept 2001]).

Defendants then moved to amend Supreme Court's June 25, 2001 judgment to provide that the dismissal of Eisen and Eisen, P.C.'s complaint be changed from "with prejudice" to "without prejudice." Supreme Court granted defendants' motion stating that the parties agreed to substitute the court's June 25, 2001 judgment with the order of Supreme Court dated September 18, 2001, thereby changing the dismissal of Eisen and Eisen, P.C.'s complaint to "without prejudice" (*see Morris J. Eisen, P.C. and Morris J. Eisen v LaRossa, Mitchell & Ross et al.*, Sup Ct, NY County, Sept. 18, 2001, Bransten, J., index No. 112652/98).

Landau, P.C. as successor, by change of name, to Morris J. Eisen, P.C., and Morris J. Eisen, as plaintiff, then commenced the instant action by serving a virtually identical summons and complaint. Defendants moved to dismiss the second action on a number of grounds. Supreme Court stated that "[t]he most compelling ground, and the one on which defendants['] motion is now being granted, is *res judicata*" (*see Landau, P.C. v LaRossa, Mitchell & Ross*, 6 Misc 3d 1018[A], 2003 NY Slip Op 51746[U], *2 [Sup Ct, NY County 2003]). Landau, P.C. then sought reargument on the ground that the earlier decisions could not serve as a bar under the doctrine of res judicata because the orders were not a final determination on the merits. The court granted plaintiff's motion for reargument, but adhered to its original decision. Supreme Court held in defendants' favor and the Appellate Division affirmed (*see Landau, P.C. v LaRossa, Mitchell & Ross*, 41 AD3d 371 [1st Dept 2007]). We now reverse.

In *Parker v Blauvelt Volunteer Fire Co.* (93 NY2d 343 [1999]), we stated that

> "[u]nder res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action. As a general rule, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different rem-

edy" (*id.* at 347 [internal quotation marks and citations omitted]).

In this case, there has not been a valid final judgment deciding the merits of the legal malpractice claim asserted by Landau, P.C. Although Landau, P.C. initially lacked capacity to initiate the subject litigation in that it had been dissolved by proclamation of the Secretary of State pursuant to Tax Law § 203-a for failure to pay franchise taxes, this deficiency was cured when Landau, P.C. paid the required fees (*see* Tax Law § 203-a [7]). Thus, Landau, P.C. was restored to the status it had when it was dissolved by proclamation on March 26, 1997.

Defendants assert that res judicata should be applied. However, a dismissal "without prejudice" lacks a necessary element of res judicata—by its terms such a judgment is not a final determination on the merits (*see e.g. Miller Mfg. Co. v Zeiler,* 45 NY2d 956, 958 [1978]). When defendants moved to amend Supreme Court's judgment dated June 25, 2001 to provide that the dismissal of Eisen and Eisen, P.C.'s complaint be changed from "with prejudice" to "without prejudice," this was a clear acknowledgment by the parties and the motion court that the merits of this case have yet to be decided.[2]

As we stated in *Matter of Grainger (Shea Enters.),* "[t]he general doctrine of *res judicata* gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein" (309 NY 605, 616 [1956]). The record before us reveals that the only matters litigated below concern the standing and/or capacity of Eisen, Eisen, P.C. and Landau, P.C. to assert a legal malpractice cause of action against defendants.[3] The merit of

**2.** *See* Restatement (Second) of Judgments § 24 (1) ("When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose"); *see also* Restatement (Second) of Judgments § 26 (1) (stating that in the following circumstance "the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant: . . . [b] [t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action").

**3.** *See* 10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.11, at 50-116 (2d ed) ("Whereas a dismissal based on the statute of limitations or statute of frauds grounds is a determination that the matter is irremediably flawed as a matter

Landau, P.C.'s legal malpractice claim has not previously been addressed.

Further, in *Matter of Schulz v State of New York* (81 NY2d 336, 347 [1993]) and in *Town of Hardenburgh, Ulster County, N.Y. v State of New York* (52 NY2d 536, 540 [1981]), we recognized that when the disposition of a case is based upon a lack of standing only, the lower courts have not yet considered the merits of the claim (*Matter of Schulz v State of New York*, 81 NY2d at 347). We agree that "[i]t would be inequitable to preclude a party from asserting a claim under the principle of res judicata, where, as in this case, '[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349, quoting Restatement [Second] of Judgments § 26 [1] [b]). We remain mindful that if applied too rigidly, res judicata has the potential to work considerable injustice. "In properly seeking to deny a litigant 'two days in court', courts must be careful not to deprive him of one" (*Matter of Reilly v Reid*, 45 NY2d 24, 28 [1978]). Landau, P.C. has yet to have its day in court to litigate the merits of its legal malpractice claim against defendants and therefore we find that res judicata is not applicable to plaintiff in this case.

We have examined the parties' remaining contentions and find them to be without merit.

Accordingly, the order of the Appellate Division should be reversed, with costs, and defendants' motion to dismiss the complaint denied.

Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.

---

of law, it is equivalent to a determination on the merits for *res judicata* purposes. At the opposite end of the spectrum, dismissal for prematurity, lack of standing, absence of ability of the court to proceed by reason of a defect in jurisdiction over subject matter or person or other forms of procedural inadequacy unique to the particular case in the particular forum are not intended to have any determinative effect 'on the merits' of the action").