[918 NE2d 887, 890 NYS2d 375]

In the Matter of the Arbitration between BUFFALO PROFESSIONAL FIREFIGHTERS ASSOCIATION, INC., LOCAL 282, IAFF, AFL-CIO-CLC, Respondent, and ANTHONY MASIELLO, as Mayor of the City of Buffalo, et al., Appellants.

Argued September 10, 2009; decided October 15, 2009

APPEARANCES OF COUNSEL

*Hodgson Russ LLP*, Buffalo (*Jeffrey F. Swiatek, Jason E. Markel* and *Joshua Feinstein* of counsel), for appellants.

*Creighton, Pearce, Johnsen & Giroux*, Buffalo (*E. Joseph Giroux, Jr.*, and *Jonathan G. Johnsen* of counsel), and *Sammarco, Mattacola & Sammarco* for respondent.

*David P. Quinn*, Albany, for State of New York Public Employment Relations Board, amicus curiae.

**OPINION OF THE COURT**

MEMORANDUM.

The Appellate Division order should be modified, without costs, by vacating the arbitration award in its entirety and, as so modified, affirmed.

Recognizing that stalled collective bargaining negotiations between municipalities and police or firefighters' unions could jeopardize public safety, the Legislature created a system whereby impasses in such negotiations are first submitted to mediation and then, if they remain unresolved, proceed to compulsory public interest arbitration (*see* Civil Service Law § 209 [4]). There, an arbitration panel selected by the parties— one member by the city, one by the union and a third by both—is required to make "a just and reasonable determination of the matters in dispute," taking into account certain enumerated factors (*id.* § 209 [4] [c] [v]). A party may commence a CPLR article 75 proceeding to challenge a compulsory public interest arbitration award (*Caso v Coffey*, 41 NY2d 153, 156 [1976]); on such a proceeding, the reviewing court examines the award to determine whether it is rational (*see id.* at 158). Here, the Appellate Division appropriately concluded that the issue of health insurance was not an issue before the arbitration panel, inasmuch as the parties agreed, as part of their memorandum of agreement on health insurance, that the City would withdraw its sole health insurance proposal from the panel's consideration. Thus, the Appellate Division appropriately vacated that part of the award.

However, the Appellate Division erred in vacating only the health insurance portion of the arbitration award. The arbitration panel did not consider the issue of wages in isolation. Indeed, the arbitration panel explained that it was rejecting the City's wage proposal, but that it would generate savings for the City on the health insurance portion of the arbitration award. As the parties agree, the separate portions of the arbitration

award were so interdependent, no part thereof could be vacated without affecting the merits of the remainder of the award.* While the parties debate whether CPLR 7511 (c) is applicable here, we need not reach the issue.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order modified, etc.

---

* While this determination appears to award affirmative relief to a nonappellant, the appellant to this Court stated that if this Court agrees with the Appellate Division rationale on the issue of health insurance, a total vacatur of the award is required.