■ LANDAU, P.C., Formerly Known as MORRIS J. EISEN, P.C., Respondent, et al., Plaintiffs, v OLIVERI & SCHWARTZ, P.C., Appellant. [900 NYS2d 867]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 16, 2009, which denied defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Defendant law firm argues that plaintiff law firm, a professional corporation, lacks standing and capacity to bring this action to enforce a fee-sharing agreement either because plaintiff was dissolved by resolution in 1992 or because plaintiff forfeited

its certificate of incorporation by failing to enforce Business Corporation Law § 1509 against its disbarred principal. We perceive no pertinent facts in this record bearing on either plaintiff's claimed dissolution or its purported continuing relationship with its disbarred principal that were not before the Court of Appeals in *Landau, P.C. v LaRossa, Mitchell & Ross* (11 NY3d 8 [2008]). That case held that although plaintiff initially lacked standing and/or capacity to initiate the litigation therein because it had been dissolved in 1997 by proclamation of the Secretary of State for failure to pay franchise taxes, this deficiency was cured when plaintiff paid the required fees (*id.* at 13). By stating that plaintiff had been dissolved in 1997 by proclamation of the Secretary of State, *LaRossa* implicitly rejected that plaintiff had been dissolved earlier in 1992 by the execution of dissolution documents. Although, as the motion court noted, *LaRossa* did not discuss Business Corporation Law § 1509, by allowing the action to proceed on the merits, the Court of Appeals implicitly recognized plaintiff's standing and capacity to sue. Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.

Motion to take judicial notice of certain public documents, and cross motion seeking judicial notice of certain decisions denied as moot.