■ In the Matter of ED WATT, as Secretary-Treasurer of Transport Workers Union of America, Local 100, et al., Respondents, v HOWARD H. ROBERTS, JR., as President of the New York City Transit Authority, et al., Appellants. [913 NYS2d 77]—

Order and judgment (one paper), Supreme Court, New York County (O. Peter Sherwood, J.), entered December 18, 2009,

which, to the extent appealed from, granted petitioners' application to confirm the portions of an arbitration award, dated August 11, 2009, that (1) granted a 3% wage increase for employees of respondents New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority in the third year of a contract with petitioner Transport Workers Union of America, Local 100, and (2) capped the formula for employees' contributions toward health insurance costs, and denied respondents' cross petition to vacate those portions of the award, unanimously affirmed, without costs.

An arbitration panel selected by the parties was required to make "a just and reasonable determination of the matters in dispute," taking into account factors enumerated in the Taylor Law and specifying the basis for its findings (Civil Service Law § 209 [4] [c] [v]; [5] [d]; *see Matter of Buffalo Professional Firefighters Assn., Inc., Local 282, IAFF, AFL-CIO-CLC [Masiello]*, 13 NY3d 803 [2009]). In reviewing the award, a court is limited to considering whether the award is arbitrary and capricious and ascertaining that the "criteria specified in the statute were 'considered' in good faith and that the resulting award has a 'plausible basis' " (*Caso v Coffey*, 41 NY2d 153, 158 [1976]; *see Masiello*, 13 NY3d at 804). Applying that standard, the application court correctly concluded that the award as a whole, including the particular provisions challenged, was made upon good faith consideration of the statutory criteria and has a plausible basis in the evidentiary record.

The panel's references to certain matters outside the hearing record, including the Metropolitan Transportation Authority 2010 preliminary budget and July financial plan and matters reported in newspaper articles, did not constitute "corruption, fraud or misconduct in procuring the award" prejudicing the rights of either party and warranting vacatur (CPLR 7511 [b] [1] [i]; *see Matter of Goldfinger v Lisker*, 68 NY2d 225, 230-232 [1986]). Arbitrators "often are chosen because of their expertise in a particular area and are generally permitted independent recourse to third-party sources when necessary to confirm technical information" (*id.* at 231 [citations omitted]). Here, the arbitrators did not purport to rely on matters outside the record in setting the award, but acknowledged and referred to developments known to the parties and widely reported (*see Matter of Travelers Ins. Co. v Job*, 239 AD2d 289, 291-292 [1997]). Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ.