# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**377**

**CA 12-02127**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND CARNI, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN BUFFALO
PROFESSIONAL FIREFIGHTERS ASSOCIATION, INC.,
IAFF LOCAL 282, PETITIONER-APPELLANT,

AND                                              MEMORANDUM AND ORDER

ANTHONY MASIELLO, MAYOR, CITY OF BUFFALO AND
CITY OF BUFFALO, RESPONDENTS-RESPONDENTS.

---

CREIGHTON, JOHNSEN & GIROUX, BUFFALO (JONATHAN JOHNSEN OF COUNSEL),
FOR PETITIONER-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (MATTHEW C. VAN VESSEM OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered January 30, 2012 in a proceeding pursuant to
CPLR article 75. The order, among other things, vacated an
arbitration award.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the cross motion is
denied, the motion is granted and the arbitration award is confirmed.

Memorandum: Petitioner commenced this proceeding pursuant to
CPLR article 75 seeking to confirm a compulsory public interest
arbitration award (hereafter, Rinaldo II award) pursuant to Civil
Service Law § 209 (4) (c) (Taylor Law). Pursuant to Rinaldo II,
petitioner's members were awarded, inter alia, a wage increase for the
collective bargaining agreement (CBA) in effect from July 1, 2002
through June 30, 2004. The Court of Appeals previously had vacated in
its entirety a prior compulsory public interest arbitration award with
respect to that CBA (*Matter of Buffalo Professional Firefighters
Assn., Inc., Local 282, IAFF, AFL-CIO-CLC [Masiello]*, 13 NY3d 803).
It is undisputed that the Buffalo Fiscal Stability Authority (BFSA)
determined that the wage increase awarded in Rinaldo II was governed
by the wage freeze implemented in 2004 and that respondents therefore
did not comply with the Rinaldo II award. We agree with petitioner
that Supreme Court erred in granting respondents' cross motion seeking
to vacate the award and instead should have granted petitioner's
motion to confirm the award.

Respondents failed to meet their "heavy burden of demonstrating
that the arbitrator[s'] award is . . . totally irrational or clearly

exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Buffalo Professional Firefighters Assn. Local 282 [City of Buffalo]*, 12 AD3d 1087, 1088 [internal quotation marks omitted]).  Where, as here, the role of the arbitration panel is to "write collective bargaining agreements for the parties . . . , [i]t follows that such awards, on judicial review, are to be measured according to whether they are rational or arbitrary and capricious" (*Matter of City of Buffalo v Rinaldo*, 41 NY2d 764, 766 [internal quotation marks omitted]).  "[I]t need only appear from the decision of the arbitrators that the criteria specified in the statute[, i.e., the Taylor Law,] were 'considered' in good faith and that the resulting award has a 'plausible basis' " (*Caso v Coffey*, 41 NY2d 153, 158).  We conclude that the decision of the arbitrators meets that standard here.

We further conclude that the award adequately addresses the basis for the wage increase in light of the proposal of respondent City of Buffalo (City) with respect to health insurance (*cf. Masiello*, 13 NY3d at 804).  The reference of the arbitration panel to a separate arbitration award affecting petitioner and the City on the issue of health insurance was no more than an acknowledgment of a matter known to the parties, and did not prejudice the rights of either party (*see Matter of Watt v Roberts*, 79 AD3d 525, 526, *lv denied* 16 NY3d 709).

We acknowledge that, under the unique circumstances presented here, the City is prohibited from complying with the Rinaldo II award because the BFSA directed that the wage freeze applied to the award. "[W]hether or not authorized to do so, the BFSA froze [the] wages [at issue] and once this happened, the City and Mayor were bound by its action" (*Gress v Brown*, 20 NY3d 957, 960).  We note that in a related appeal, we have affirmed the judgment dismissing the CPLR article 78 proceeding wherein petitioner challenged the authority of the BFSA to prohibit the respondents in that proceeding from complying with the Rinaldo II award, based on our determination that the CPLR article 78 proceeding was barred by res judicata (*Matter of Buffalo Professional Firefighters Assn., Inc., IAFF Local 282 v Buffalo Fiscal Stability Auth.*, ___ AD3d ___ [Apr. 26, 2013]).

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court