# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**371**

**CA 12-02126**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND CARNI, JJ.

---

IN THE MATTER OF BUFFALO PROFESSIONAL
FIREFIGHTERS ASSOCIATION, INC., IAFF LOCAL 282,
PETITIONER-APPELLANT,

V                                        MEMORANDUM AND ORDER

BUFFALO FISCAL STABILITY AUTHORITY, CITY OF
BUFFALO AND BYRON BROWN, MAYOR, CITY OF BUFFALO,
RESPONDENTS-RESPONDENTS.

---

CREIGHTON, JOHNSEN & GIROUX, BUFFALO (JONATHAN G. JOHNSEN OF COUNSEL),
FOR PETITIONER-APPELLANT.

HARRIS BEACH PLLC, PITTSFORD (A. VINCENT BUZARD OF COUNSEL), FOR
RESPONDENT-RESPONDENT BUFFALO FISCAL STABILITY AUTHORITY.

GOLDBERG SEGALLA LLP, BUFFALO (MATTHEW C. VAN VESSEM OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS CITY OF BUFFALO AND BYRON BROWN, MAYOR, CITY
OF BUFFALO.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (John A. Michalek, J.), entered January 30, 2012 in a
proceeding pursuant to CPLR article 78. The judgment granted
respondents' motions to dismiss the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to
CPLR article 78 challenging the authority of respondent Buffalo Fiscal
Stability Authority (BFSA) to prohibit respondents City of Buffalo
(City) and Byron Brown, Mayor, City of Buffalo, from complying with an
arbitration award (Rinaldo II award) that established a wage increase
for the collective bargaining agreement in effect from July 1, 2002 to
June 30, 2004 (*Matter of Buffalo Professional Firefighters Assn.,
Inc., IAFF Local 282 [Masiello]*, ___ AD3d ___ [Apr. 26, 2013]). It is
undisputed that, in 2004, the BFSA issued a resolution to freeze the
wages of City employees and that by Resolution 11-05, the BFSA
determined that the wage freeze applied to the wages awarded in
Rinaldo II. A prior arbitration award governing the same CBA (Rinaldo
I award) was vacated in its entirety by the Court of Appeals (*Matter
of Buffalo Professional Firefighters Assn., Inc., Local 282, IAFF,
AFL-CIO-CLC [Masiello]*, 13 NY3d 803). Petitioner previously had
commenced a CPLR article 78 proceeding to challenge the authority of

the BFSA to determine that the wage freeze applied to the Rinaldo I award, but that proceeding was dismissed as time-barred (*Matter of Foley v Masiello*, 38 AD3d 1201, 1202).

We agree with petitioner that the instant proceeding is not barred by the statute of limitations (*cf. Gress v Brown*, 20 NY3d 957, 959-960).  Contrary to petitioner's contention, however, Supreme Court properly determined that the instant proceeding is barred by res judicata.  It is well established that a dismissal of a proceeding as time-barred " 'is equivalent to a determination on the merits for *res judicata* purposes' " (*Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13 n 3).  Although petitioner in the instant proceeding is challenging a resolution of the BFSA that applied to Rinaldo II rather than Rinaldo I, which was at issue in *Foley*, both proceedings are between the same parties in interest and concern the same cause of action, i.e., the application of the wage freeze to wage rates for the same CBA, and the instant action therefore is barred by res judicata based on " 'claim preclusion' " (*Landau, P.C.*, 11 NY3d at 12-13; *see generally O'Brien v City of Syracuse*, 54 NY2d 353, 357).

We reject petitioner's contention that the court should have dismissed this proceeding as moot based upon its order in the proceeding pursuant to CPLR article 75 vacating the Rinaldo II award inasmuch as a reversal of that order on appeal would result in the reinstatement of the award (*see Matter of Utica Mut. Ins. Co. [Selective Ins. Co. of Am.]*, 27 AD3d 990, 991-992).

Entered:  April 26, 2013                          Frances E. Cafarell
                                                  Clerk of the Court