Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John A. Michalek, J.), entered January 30, 2012 in a proceeding pursuant to CPLR article 78. The judgment granted respondents’ motions to dismiss the petition.
It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 challenging the authority of respondent Buffalo Fiscal Stability Authority (BFSA) to prohibit respondents City of Buffalo (City) and Byron Brown, Mayor, City of Buffalo, from complying with an arbitration award (Rinaldo II award) that established a wage increase for the collective bargaining agreement in effect from July 1, 2002 to June 30, 2004 (Matter of Buffalo Professional Firefighters Assn., Inc., IAFF Local 282 [Masiello], 105 AD3d 1436 [2013]). It is undisputed that, in 2004, the BFSA issued a resolution to freeze the wages of City employees and that by Resolution 11-05, the BFSA determined that the wage freeze applied to the wages awarded in Rinaldo II. A prior arbitration award governing the same CBA (Rinaldo I award) was vacated in its entirety by the *1434 Court of Appeals (Matter of Buffalo Professional Firefighters Assn., Inc., Local 282, 1AFF, AFL-CIO-CLC [Masiello], 13 NY3d 803 [2009]). Petitioner previously had commenced a CPLR article 78 proceeding to challenge the authority of the BFSA to determine that the wage freeze applied to the Rinaldo I award, but that proceeding was dismissed as time-barred (Matter of Foley v Masiello, 38 AD3d 1201, 1202 [2007]).
We agree with petitioner that the instant proceeding is not barred by the statute of limitations (cf. Gress v Brown, 20 NY3d 957, 959-960 [2012]). Contrary to petitioner’s contention, however, Supreme Court properly determined that the instant proceeding is barred by res judicata. It is well established that a dismissal of a proceeding as time-barred “ ‘is equivalent to a determination on the merits for res judicata purposes’ ” (Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 n 3 [2008]). Although petitioner in the instant proceeding is challenging a resolution of the BFSA that applied to Rinaldo II rather than Rinaldo I, which was at issue in Foley, both proceedings are between the same parties in interest and concern the same cause of action, i.e., the application of the wage freeze to wage rates for the same CBA, and the instant action therefore is barred by res judicata based on “ ‘claim preclusion’ ” (Landau, P.C., 11 NY3d at 12-13; see generally O’Brien v City of Syracuse, 54 NY2d 353, 357 [1981]).
We reject petitioner’s contention that the court should have dismissed this proceeding as moot based upon its order in the proceeding pursuant to CPLR article 75 vacating the Rinaldo II award inasmuch as a reversal of that order on appeal would result in the reinstatement of the award (see Matter of Utica Mut. Ins. Co. [Selective Ins. Co. of Am.], 27 AD3d 990, 991-992 [2006]).
Present—Scudder, PJ., Smith, Centra and Carni, JJ.