Emic Corp. v Barenblatt (2019 NY Slip Op 01503)





Emic Corp. v Barenblatt


2019 NY Slip Op 01503


Decided on February 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019

Friedman, J.P., Kapnick, Webber, Oing, JJ.


8560 153977/16

[*1]Emic Corp. formerly known as Apple Mortgage Corp., Plaintiff-Appellant,
v
Richard Barenblatt, et al., Defendants-Respondents.


Berger & Webb, LLP, New York (Jonathan Rogin of counsel), for appellant.
Tarter Krinsky & Drogin LLP, New York (Richard C. Schoenstein of counsel), for respondents.



Order, Supreme Court, New York County (Carmen Victoria St. George, J.), entered February 7, 2018, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(5), unanimously reversed, on the law, without costs, and the motion denied.
Neither claim preclusion nor issue preclusion bars this state court action. Claim preclusion does not apply because the federal court judgment was not on the merits (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 [2008]), and issue preclusion does not apply because the issues were not identical (see Jeffreys v Griffin, 1 NY3d 34, 39 [2003]). To the extent that the motion court found that the amendment to the purchase agreement did not cure plaintiff's lack of standing, the court should not have raised that issue sua sponte (see Andron v City of New York, 117 AD3d 526, 527 [1st Dept 2014]; Greene v Davidson, 210 AD2d 108, 109 [1st Dept 1994], lv denied 85 NY2d 806 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK