Gladstein v Keane (2020 NY Slip Op 07497)





Gladstein v Keane


2020 NY Slip Op 07497


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Index No. 152121/15 Appeal No. 12647-12648-12648A Case No. 2019-2249 

[*1]Harvey Gladstein, Plaintiff-Respondent-Appellant,
v
Thomas F. Keane, et al., Defendants-Appellants-Respondents.


Thomas F. Keane, New York, for appellants-respondents-.
Markewich & Rosenstock LLP, New York (Lawrence M. Rosenstock of counsel), for respondent-appellant.



Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered May 24, 2018, after a nonjury trial, in plaintiff's favor, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered on or about October 10, 2018, which denied the parties' motions to vacate or modify parts of the judgment, and granted plaintiff's motion for a stay of arbitration and sanctions, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Purported appeal from order that denied defendants' motion to amend, unanimously dismissed, without costs.
Neither side identified evidence that would justify reversing the findings of the trial court as to the amounts or the existence of defendants' obligation under the promissory note or the offsets thereto.
The trial court correctly ruled that plaintiff was entitled to attorneys' fees for work relating to enforcement of the note only and not for work relating to the off-set defenses, which were not inextricably intertwined with enforcement of the note (see Matter of Yalowitz v Prudential Equity Group LLC, 25 AD3d 354 [1st Dept 2006], lv denied 6 NY3d 710 [2006]).
The court correctly stayed the arbitration commenced by defendants post-judgment on a related claim, as that claim is barred by res judicata (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 12 [2008]).
Defendants' purported appeal from an order that denied their motion to amend the pleading to add the defense of mutual mistake is dismissed. The record does not contain the order, the motion papers or a proposed amended pleading.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020