Otto v Otto (2021 NY Slip Op 01517)





Otto v Otto


2021 NY Slip Op 01517


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 108886/10 Appeal No. 13364 Case No. 2020-03129 

[*1]Maria Otto, Plaintiff-Respondent,
v
Jonathan Otto et al., Defendants-Appellants.


Lynn Gartner Dunne, LLP, Mineola (Robert P. Lynn, Jr. of counsel), for appellants.
Goetz FitzPatrick LLP, New York (Alison Arden Besunder of counsel), for respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about April 29, 2020, which, insofar as appealed from as limited by the briefs, upon a search of the record, granted plaintiff summary judgment on her individual unjust enrichment claim related to unpaid distributions owed to her by defendants and on her claim for an accounting, unanimously affirmed, with costs.
Plaintiff obtained interests in various real estate entities from her late husband, Richard Otto. Those entities and various defendant general partner entities were managed by the Metro defendant entities, which were owned and controlled by defendant Jonathan Otto, plaintiff's stepson. Following Richard's death, the properties owned by the real estate entities were sold, and distributions were made to the limited partners and/or members of the relevant entities. However, defendants concede that a distribution was never made to plaintiff, who refused to sign a settlement agreement waiving all claims against defendants in connection with a Surrogate's Court proceeding in which evidence was presented that Jonathan had overpaid a significant amount of management fees to himself.
In the instant action, plaintiff asserts, inter alia, individual claims against defendants for unjust enrichment relating to the unpaid distribution and the overpayment of management fees to Jonathan, and seeks an accounting. Upon defendants' motion for summary dismissal of the entire complaint, the motion court searched the record and granted plaintiff summary judgment on her claims (see CPLR 3212[b]; see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]).
The court correctly concluded that neither res judicata nor collateral estoppel barred plaintiff's claims because defendants were not parties to the prior Surrogate's Court proceeding for the probate of Richard's will, and plaintiff's individual claims were not a subject of that proceeding (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 12 [2008]; D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]).
The court correctly found that plaintiff established her unjust enrichment claim based on defendants' admitted failure to provide her with her portion of the distribution from the sales of the properties owned by the real estate entities. Plaintiff could not be compelled to waive all her rights in order to obtain the distribution.
Contrary to defendants' argument, they were not entitled to use plaintiff's unpaid distribution to indemnify themselves for litigation expenses in connection with their defense against this action and before the Surrogate, which proceedings they contend plaintiff unduly protracted with frivolous claims. As the court correctly noted, if there was any indemnification obligation, it was imposed on all of the limited partners or members of the relevant entities, not on plaintiff alone. Moreover, defendants' answer did not include a counterclaim for or an affirmative defense of indemnification[*2]. The court providently exercised its discretion in referring this matter to a special referee to hear and report.
The court correctly granted plaintiff an accounting, since the accounting provided in the Surrogate's Court proceeding related to estate assets only, did not reflect the interests of individual limited partners and/or members of defendant entities, and was limited to a different time period than the accounting plaintiff seeks, and plaintiff has the right to the accounting she seeks under Partnership Law §§ 42, 44(4) and 99.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021